JAMES L. GANDY V. ADDISON L. CUMMINS.

FILED MARCH 19, 1902.   No. 10,578.

Commissioner's opinion, Department No. 3.

1. **Petition:** CAUSE OF ACTION. Petition examined, and *held* to state a cause of action.

2. **Motion for New Trial:** PETITION IN ERROR. A judgment will not be reversed for errors required to be assigned in a motion for a new trial, unless it is alleged in the petition in error, and shown by the record, that the court erred in overruling such motion. *James v. Higginbotham*, 60 Nebr., 203, followed.

ERROR from the district court for Pawnee county. Tried below before LETTON, J.   *Affirmed.*

*Samuel P. Davidson,* for plaintiff in error.

*Story & Story, contra.*

ALBERT, C.

This is an action at law, brought by Addison L. Cummins against James L. Gandy to recover for money obtained of the plaintiff by the defendant by means of false and fraudulent representations. A trial to a jury resulted in a verdict for the plaintiff, and from a judgment rendered thereon the defendant prosecutes error to this court.

The first question relied on for a reversal is that the amended petition, on which the case was tried, does not state facts sufficient to constitute a cause of action. The allegations of the petition are as follows:

"1. That heretofore to-wit: during the latter part of the year 1890, Ann Fries and John Fries her husband were the

owners of the property known as the Fries Mill property consisting of something less than a quarter section of land together with the mill and other improvements situated in township one, north of range twelve, east in said county of Pawnee and state of Nebraska, did enter into a contract to sell said property for the sum of $6,500 to the plaintiff in and about which said transaction the said defendant James L. Gandy represented to this plaintiff that he was the agent of the said Ann Fries and did then and there and in that behalf represent and declare to this plaintiff that he had full and entire authority from the said Ann Fries to negotiate and enter into contracts for the sale of her interests in said real estate and to receive the purchase money for her in that behalf, and this plaintiff believing said statements of the said James L. Gandy and relying upon said declarations did negotiate with the said James L. Gandy as agent of the said Ann Fries for the purchase of the said real estate, and relying upon and believing his said representations as to his being such agent of the said Ann Fries did pay to the said James L. Gandy certain money as part of the purchase money for said premises, amounting in all to the sum of $740 which said money the said James L. Gandy received as a part of the purchase money for said real estate and did promise as such agent of said Ann Fries to faithfully apply said money on the said purchase money by paying the same to the said Ann Fries for whom he pretended to be acting when he received said money.

"2. The plaintiff further alleges that the said James L. Gandy failed, neglected and refused to pay over the said money so received to the said Ann Fries, but corruptly and fraudulently converted the same to his own use, intending and purposing thereby to defraud this plaintiff out of said money and the said defendant did thereby defraud this plaintiff out of the said sum of $740.

"The plaintiff further alleges that he relied upon the statements of the said James L. Gandy that he was the agent of the said Ann Fries and was authorized to receive

said money on her behalf and would pay the same to her but, each and all of said statements were false, fraudulent and untrue.

"The plaintiff further alleges that he did not discover until about the 3rd day of May, 1894, that each and all of said statements were untrue, and that the said defendant had not paid said money over to the said Ann Fries as he had agreed to do, but had converted the same to his own use.

"3. There is due the plaintiff from the said defendant for money belonging to the plaintiff and wrongfully and fraudulently converted by defendant to his own use as aforesaid the said sum of $740 with seven per cent. interest thereon from December 26, 1890, no part of which has been collected and paid, but payment thereof refused by the said defendant."

The sufficiency of the amended petition was first challenged by an objection to the introduction of any testimony in support of its allegations, and again by motion for judgment notwithstanding the verdict. Liberally construed, as we are bound to construe it under the settled practice of this state, the petition charges the following facts:

1. That the defendant falsely and fraudulently represented to the plaintiff that he was the agent of the owner of certain property, with full power to negotiate for its sale, and to receive the purchase price thereof.

2. That the plaintiff, relying upon said representations and believing them to be true, entered into a contract with the defendant, as such agent, for the purchase of said property, and paid him $740 as a part of the purchase price, to be paid to his alleged principal.

3. That at the time of making such representations, the defendant was not the agent of said owner, and had no authority to negotiate said sale nor to receive the said sum of money, and that said representations were falsely and fraudulently made by him.

4. That the defendant instead of applying the money,

so as aforesaid paid to him, to the purpose for which it was so paid, fraudulently converted the same to his own use.

5. That the plaintiff did not discover the fraud so as aforesaid practiced upon him until the 3d day of May, 1894.

The defendant urges that there is a failure to allege that the plaintiff was damaged by the failure of the defendant to apply said payment as agreed, or that the owner of the property had failed to ratify said sale, and to convey the property to the plaintiff. Those allegations are not essential to plaintiff's theory of the case. From the manner in which the pleading is assailed, it stands confessed that the defendant obtained plaintiff's money by means of false and fraudulent representations. There is no presumption that the owner of the property ever ratified the transaction brought about by defendant's false and fraudulent assumption of agency, nor was the plaintiff required to negative such fact in his petition. In our opinion, the amended petition states a cause of action, and the defendant's objections thereto were properly overruled.

Many other errors are assigned, but they are such as are required to be first brought to the attention of the trial court by motion for a new trial. They were thus presented, and the motion was overruled. That ruling is not complained of in the petition in error. Such omission amounts to a waiver of all errors required to be assigned in such motion. *James v. Higginbotham,* 60 Nebr., 203. Such being the case the record presents nothing further for consideration.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reason stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.